IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANNETTE JOHNSON-BUFFALO, | : |
| Plaintiff, | : : : |
| v. | : CASE NO. 1:22-cv-01171 : |
| UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM; JOHN/JANE DOES 1-5; and/or ABC CORPS 1-5. | : : : : |
| Defendants. | : : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA TO THE COMPLAINT AND JURY DEMAND OF PLAINTIFF JEANNETTE JOHNSON-BUFFALO**

Defendant The Trustees of The University of Pennsylvania ("Defendant"), owner and operator of The University of Pennsylvania Health System, by and through its undersigned counsel, Fisher & Phillips LLP, respectively submits this Answer and Affirmative Defenses of Defendant The Trustees of The University of Pennsylvania to the Complaint and Jury Demand of Plaintiff Jeannette Johnson-Buffalo (the "Complaint"), and, in support thereof, states the following:

**PRELIMINARY STATEMENT**[1]

The allegations in this unnumbered paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff alleges violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §§ 10:5-1, et seq. and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq. The remaining allegations in this paragraph of Plaintiff's Complaint are denied. It is specifically denied that Defendant failed to engage in the

---

[1] Defendant utilizes the headings in Plaintiff's Complaint for organizational purposes only.

FP 43419406.4

interactive process with Plaintiff, failed to reasonably accommodation Plaintiff, and/or retaliated against Plaintiff for seeking and taking leave pursuant to the LAD and FMLA.

## IDENTIFICATION OF PARTIES

1. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff is a former employee of Defendant and worked at Defendant's Cherry Hill, New Jersey location. As to the remaining allegations of this paragraph of Plaintiff's Complaint, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's current residence and, accordingly, such allegations are denied. To the extent not otherwise addressed herein, any remaining allegations are denied.

2. The allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, the proper name of Defendant is The Trustees of The University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, and Defendant operates a business in Cherry Hill, New Jersey where Plaintiff was formerly employed.

3. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, certain allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required and to the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

## GENERAL ALLEGATIONS

4. The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, Plaintiff was previously employed by an entity of Defendant.

5. The allegations in this paragraph of Plaintiff's Complaint are admitted in part. It is admitted that Defendant hired Plaintiff on or about June 25, 2018 as an Accounts Receivable

Representative. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

      6.      The allegations in this paragraph of Plaintiff's Complaint are denied.

      7.      The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, as an Accounts Receivable Representative, Plaintiff's responsibilities included, <u>inter alia</u>, completing pre-certifications for the cardiology departments and, this task, amongst others for this role, required typing on a computer keyboard. In addition, certain allegations in this paragraph of Plaintiff's Complaint refer to writings that speak for themselves, and any attempt to paraphrase or mischaracterize their terms is improper and, therefore, any such allegations are expressly denied.

      8.      The allegations in this paragraph of Plaintiff's Complaint are denied as stated.

      9.      The allegations in this paragraph of Plaintiff's Complaint are denied as stated. By way of further answer, certain allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required.

      10.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph of Plaintiff's Complaint and, accordingly, such allegations are denied.

      11.      The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

      12.      The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

      13.      The allegations in this paragraph of Plaintiff's Complaint are denied as stated.

14. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted only that Plaintiff met with a Human Resources Representative in or around October of 2019. The remaining allegations in this paragraph of Plaintiff's Complaint are denied.

15. The allegations in this paragraph of Plaintiff's Complaint are denied.

16. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

17. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

18. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

19. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

20. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

21. The allegations in this paragraph of Plaintiff's Complaint are denied.

22. The allegations in this paragraph of Plaintiff's Complaint are admitted.

23. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and

denied in part. It is admitted only that Plaintiff's employment with Defendant was terminated on February 24, 2020. The remaining allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, certain allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

24. The allegations in this paragraph of Plaintiff's Complaint are denied.

## COUNT I – DENIED
**Alleged Failure to Engage in the Interactive Process in Violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq.**

25. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

26. The allegations in this paragraph of Plaintiff's Complaint are denied.

27. The allegations in this paragraph of Plaintiff's Complaint are denied.

28. The allegations in this paragraph of Plaintiff's Complaint are denied.

29. The allegations in this paragraph of Plaintiff's Complaint are denied.

30. The allegations in this paragraph of Plaintiff's Complaint are denied.

31. The allegations in this paragraph of Plaintiff's Complaint are denied.

32. The allegations in this paragraph of Plaintiff's Complaint are denied.

33. The allegations in this paragraph of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Defendant attorney's fees and costs, and such other relief as the Court deems just and proper.

## COUNT II – DENIED
### Alleged Failure to Accommodate Disability in Violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq.

34. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

35. The allegations in this paragraph of Plaintiff's Complaint are denied.

36. The allegations in this paragraph of Plaintiff's Complaint are denied.

37. The allegations in this paragraph of Plaintiff's Complaint are denied.

38. The allegations in this paragraph of Plaintiff's Complaint are denied.

39. The allegations in this paragraph of Plaintiff's Complaint are denied.

40. The allegations in this paragraph of Plaintiff's Complaint are denied.

41. The allegations in this paragraph of Plaintiff's Complaint are denied.

42. The allegations in this paragraph of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Defendant attorney's fees and costs, and such other relief as the Court deems just and proper.

## COUNT III – DENIED
### Alleged Retaliation in Violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq.

43. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

44. The allegations in this paragraph of Plaintiff's Complaint are denied.

45. The allegations in this paragraph of Plaintiff's Complaint are denied.

46. The allegations in this paragraph of Plaintiff's Complaint are denied.

47. The allegations in this paragraph of Plaintiff's Complaint are denied.

48. The allegations in this paragraph of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Defendant attorney's fees and costs, and such other relief as the Court deems just and proper.

## COUNT IV – DENIED
**Alleged Failure to Engage in the Interactive Process in Violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq.**

49. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

50. The allegations in this paragraph of Plaintiff's Complaint are denied as stated.

51. The allegations in this paragraph of Plaintiff's Complaint are denied as stated.

52. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

53. The allegations in this paragraph of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any aspects of this paragraph of Plaintiff's Complaint are deemed factual, they are denied.

54. The allegations in this paragraph of Plaintiff's Complaint refer to a writing that speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper and, therefore, any such allegations are expressly denied.

55. The allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, upon information and belief, Plaintiff has never inquired about the need for FMLA leave relating to her mother's alleged serious health condition.

56. The allegations in this paragraph of Plaintiff's Complaint are denied. By way of further answer, upon information and belief, Plaintiff has never inquired about the need for FMLA leave relating to her mother's alleged serious health condition.

57. The allegations in this paragraph of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Defendant attorney's fees and costs, and such other relief as the Court deems just and proper.

### COUNT VII[2] – DENIED
### Alleged Equitable Relief

58. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

59. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part. It is admitted, that Plaintiff has requested that the Court find certain alleged practices to be in violation of the FMLA and/or the LAD. It is denied that Defendant has violated either the FMLA or the LAD in connection with Plaintiff's employment.

60. The allegations in this paragraph of Plaintiff's Complaint are admitted in part and

---

[2] Defendant believes Plaintiff mistakenly labeled this Count in Plaintiff's Complaint as Count VII as opposed to Count V, but Defendant uses Plaintiff's number – Count VII – for consistency with Plaintiff's Complaint.

denied in part.  It is admitted, that Plaintiff has requested certain relief from the Court.  It is denied that Plaintiff is entitled to any relief related to her employment with Defendant.

61.     The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted, that Plaintiff has requested that Defendant purge its files in connection with any reference to Plaintiff's employment termination.  It is denied that Defendant is obligated in any way to purge its files in connection with any reference to Plaintiff's employment termination.

62.     The allegations in this paragraph of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted, that Plaintiff has requested any other equitable relief from the Court.  It is denied that Plaintiff is entitled to any such relief.

**WHEREFORE**, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, denies any and all allegations in Plaintiff's "Wherefore" paragraph and demands judgment dismissing Plaintiff's Complaint and awarding Defendant attorney's fees and costs, and such other relief as the Court deems just and proper.

### DEMAND TO PRESERVE EVIDENCE

This paragraph of Plaintiff's Complaint does not require a responsive pleading by Defendant and, therefore, is denied.

### INITIAL REQUEST FOR INSURANCE INFORMATION

This paragraph of Plaintiff's Complaint does not require a responsive pleading by Defendant and, therefore, is denied.

### JURY DEMAND & TRIAL COUNSEL DESIGNATION

This paragraph of Plaintiff's Complaint does not require a responsive pleading by

Defendant and, therefore, is denied.

## AFFIRMATIVE DEFENSES

In further answering Plaintiff's Complaint, Defendant hereby asserts the following affirmative defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are not actionable because all employment decisions were job related and justified by legitimate, non-discriminatory, and non-pretextual business reasons.

### THIRD DEFENSE

Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

### FOURTH DEFENSE

Plaintiff's alleged damages are too speculative to form a basis for recovery.

### FIFTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part to the extent that she has failed to mitigate any of her alleged damages.

### SIXTH DEFENSE

Plaintiff is not entitled to all or some of the damages sought in Plaintiff's Complaint.

### SEVENTH DEFENSE

Defendant has acted in good faith and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff, and, thus, Plaintiff is not

entitled to punitive damages on the law or the facts.

## EIGHTH DEFENSE

Plaintiff's claims are barred because of Defendant's good faith efforts to comply with the applicable law.

## NINTH DEFENSE

Defendant has not discriminated and/or retaliated against and/or interfered with Plaintiff's rights in violation of any law.

## TENTH DEFENSE

Defendant has not failed to engage in the interactive process with Plaintiff and/or failed to accommodate Plaintiff in violation of any law.

## ELEVENTH DEFENSE

To the extent Defendant did not accommodate Plaintiff, it was due to the fact that Defendant would have incurred an undue hardship.

## TWELFTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior.

## THIRTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FOURTEENTH DEFENSE

To the extent Plaintiff has failed to comply with any applicable statute of limitations, her claims are barred.

## FIFTEENTH DEFENSE

To the extent applicable, Plaintiff is barred from any recovery in this action because Plaintiff failed to exhaust her administrative remedies prior to instituting this action.

## SIXTEENTH DEFENSE

Defendant intends to rely on or assert such other defenses that may become available or apparent during the course of discovery in this case, and Defendant expressly reserves its right to amend this Answer to assert any and all such defenses.

WHEREFORE, Defendant The Trustees of the University of Pennsylvania, owner and operator of The University of Pennsylvania Health System, demands judgment dismissing the Complaint of Jeannette Johnson-Buffalo and awarding Defendant attorneys' fees and costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Dated: March 10, 2022    By:    */s/ Todd Alan Ewan*
Todd Alan Ewan, Esquire
Christina M. Michael, Esquire
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
(T): (610) 230-2150
(F): (610) 230-2151
tewan@fisherphillips.com
cmichael@fisherphillips.com

*Counsel for Defendant The Trustees of The University of Pennsylvania*

## **CERTIFICATE OF SERVICE**

I, Todd Alan Ewan, Esquire, hereby certify that on this 10th day of March, 2022, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant The Trustees of The University of Pennsylvania to the Complaint and Jury Demand of Plaintiff Jeannette Johnson-Buffalo with the Clerk of the Court using the Court's CM/ECF system, which will serve a copy of such filing on the following counsel of record:

> Brian M. Doyle, Esquire
> Law Offices of Eric A. Shore
> 2 Penn Center, Suite 1240
> 1500 John F. Kennedy Blvd.
> Philadelphia, PA 19102
>
> *Counsel for Plaintiff Jeannette Johnson-Buffalo*

                                                                   */s/ Todd Alan Ewan*
                                                                   Todd Alan Ewan, Esquire